UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOSEPH HEBERT, JR. and TRACY HEBERT | CASE ACTION NO.: 3:20-cv-1615 |
| VERSUS | JUDGE: |
| ALLIANCE OUTDOOR PRODUCTS, INC. d/b/a X-STAND TREESTANDS | MAG. JUDGE: |
| | JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes JOSEPH HEBERT, JR. and TRACY HEBERT (husband and wife hereinafter sometimes referred to as "petitioners"), competent majors domiciled in St. Martin Parish, Louisiana who respectfully assert the following in support of their complaint for damages:

**PARTIES**

1.

Made defendants herein are:

A. ALLIANCE OUTDOOR PRODUCTS, INC. d/b/a X-Stand Treestands (hereinafter referred to as "ALLIANCE") a foreign corporation, whose registered office is located in Apple Valley, Minnesota and principal executive office located in Lakeville, Minnesota who is doing business in the State of Louisiana through their online retailers;

B. NORTHERN TOOL & EQUIPMENT COMPANY, INC. (hereinafter "NORTHERN TOOL"), a foreign corporation, who is domiciled in Burnsville, Minnesota and who is authorized to do business in the State of Louisiana with its registered office in Louisiana located in Baton Rouge and its principal business establishment in Louisiana located in Lafayette, Louisiana; and

C. SPORTSMAN'S GUIDE, upon information and belief therein a subsidiary of NORTHERN TOOL that is a foreign corporation, whose registered office is located

1

in St. Paul, Minnesota and who is doing business in the State of Louisiana through online sales.

## SUBJECT MATTER JURISDICTION

2.

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States. The plaintiffs are citizens of the State of Louisiana and the defendants are citizens of Minnesota. Thus, this Honorable Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332.

## PERSONAL JURISDICTION

3.

This Honorable Court has personal jurisdiction over the Defendants as the event that is the subject of this lawsuit arises from one or more of the acts or activities listed in La. R.S. 13:3201, performed directly or by an agent, servant or employee of the defendants, including, but not limited to:

1) Transacting business in the State of Louisiana;

2) Contracting to supply services or things in the Parish of Lafayette, State of Louisiana;

3) Causing injury or damage by an offense or quasi offense committed through an act or omission in the Parish of Franklin, State of Louisiana;

4) Causing injury or damage in the Parish of Franklin, State of Louisiana by an offense or quasi offense committed through an act or omission outside of the State of Louisiana by the Defendants who regularly do and/or solicit business, or engage in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in the Parish of Franklin, State of Louisiana;

5) Manufacturing and/or selling the product described hereinafter or

components thereof, which caused damage or injury in the Parish of Franklin, State of Louisiana and, at the time of placing the product into the stream of commerce, the Defendants could have foreseen, realized, expected, or anticipated that the product may eventually be found in the Parish of Franklin, State of Louisiana by reason of its nature and the marketing practices of the Defendants.

## VENUE

4.

Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court, Western District of Louisiana, Monroe Division in that:

1) The Defendants contracted to supply services or things in the Parish of Franklin, State of Louisiana;

2) The injury caused to the plaintiff was by an offense or quasi offense committed through an act or omission in the Parish of Franklin, State of Louisiana;

3) The injury or damage caused by the Defendants occurred in the Parish of Franklin, State of Louisiana by an offense or quasi offense committed through an act or omission outside of the State of Louisiana by the Defendants who regularly do and/ or solicit business, or engage in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in the Parish of Franklin, State of Louisiana;

4) The Defendants manufactured and/or sold the product described hereinafter or components thereof, which caused damage or injury in the Parish of Franklin, State of Louisiana and, at the time of placing the product into the stream of commerce, the Defendants, could have foreseen, realized, expected, or anticipated that the product may eventually be found in the Parish of Franklin, State of Louisiana by reason of its nature and the marketing practices of the Defendants.

## FACTS

5.

On or about September 24, 2018 JOSEPH HEBERT, JR. purchased an X-Stand Deluxe

Aluminum Climbing TreeStand (hereinafter "TREESTAND"), item WX2-637487 / Mfg. Number: XSCT334 / UPC: 816153011219 online from the Defendant, SPORTSMAN'S GUIDE.

6.

Upon information and belief therein, at all times pertinent herein, SPORTSMAN'S GUIDE is a subsidiary, owned and operated by the defendant, NORTHERN TOOL.

7.

Upon information and belief therein, at all times pertinent herein, the defendant, ALLIANCE manufactured the TREE STAND.

8.

On or about January 3, 2020 JOSEPH HEBERT, JR. went deer hunting at Big Lake Wildlife Management Area located in Winnsboro, Louisiana and utilized the TREE STAND when the TREESTAND broke resulting in JOSEPH HEBERT, JR. falling approximately 15 feet.

9.

At all times pertinent hereto, ALLIANCE acted individually and/or through its agents, servants or employees, as specified below, for which ALLIANCE is independently and vicariously liable.

10.

At all times pertinent hereto, ALLIANCE was in the business of manufacturing the TREESTAND and its placement into trade or commerce in Louisiana.

11.

At all times pertinent hereto, ALLIANCE produced, made, fabricated, constructed, and designed the TREESTAND for placement into trade or commerce in Louisiana.

12.

At all times pertinent hereto, ALLIANCE labeled as its own the TREESTAND for placement into trade or commerce in Louisiana.

13.

At all times pertinent hereto, ALLIANCE sold the TREESTAND in Louisiana and exercised control over or influenced characteristics of the design, construction or quality of the TREESTAND.

14.

ALLIANCE is a manufacturer under the Louisiana Products Liability Act (9:2800.51, et seq.) and Redhibition (La. C.C. Art. 2520, et seq).

**Unreasonably Dangerous
In Construction or Composition**

15.

Petitioners incorporate by reference of the allegations contained in 5-14, above as if copied in extenso.

16.

When the TREESTAND left the control of ALLIANCE, the product was unreasonably dangerous in construction, composition, design and materials as specified below.

17.

Alternatively, when the TREESTAND left the control of ALLIANCE, the product deviated in a material way from the specifications or performance standards of ALLIANCE or from otherwise identical products manufactured by ALLIANCE.

18.

The TREESTAND is a lightweight aluminum construction that weighs 16 lbs and has a 300 lb weight capacity. The TREE STAND has a 20" w x 27" d foot platform, padded armrests and seat bar, 21" w sling seat with customizable depth and built-in back carrying straps.

19.

At no time did JOSEPH HEBERT, JR. exceed the weigh capacity while using the TREESTAND and/or otherwise use the TREESTAND in a manner not contemplated by ALLIANCE.

20.

The TREESTAND is designed to have an engagement feature so as to secure the user/JOSEPH HEBERT, JR. in a safe manner to a tree. The TREESTAND and its components are held together by welds. Upon information and belief therein, the welds securing the TREESTAND failed or were non-existent causing the TREESTAND to break.

21.

As constructed or composed, the TREESTAND failed to function as designed and intended, specifically to stay secure and/or in position and support the weight of JOSEPH HEBERT, JR. to keep JOSEPH HEBERT, JR. from falling.

22.

At all times pertinent hereto, within the meaning and scope of La. R.S. 9:2800.55 - 9:2800.59, the TREESTAND possessed unreasonably dangerous characteristics that were a proximate cause of injury and damage to JOSEPH HEBERT, JR.

23.

Specifically, the subject TREESTAND was unreasonably dangerous in construction or composition because at the time it left ALLIANCE's control, the product deviated in a material way from ALLIANCE's specifications or performance standards for the product or from otherwise identical products manufactured by ALLIANCE.

24.

Specifically, the welds securing the TREESTAND were non-existent and/or defective and/or substandard and/or deviated in a material way from ALLIANCE specifications and/or performance standards for the subject product or from otherwise identical products manufactured by ALLIANCE thus causing the TREESTAND to be unreasonably dangerous in construction and/or composition at the time it left ALLIANCE's control.

25.

ALLIANCE is liable unto petitioners for the damages proximately caused by the characteristics of the TREESTAND that rendered it unreasonably dangerous, namely for the omission of welds and/or welds to break and causing JOSEPH HEBERT, JR. to fall, when said damage arose from a reasonably anticipated use of the TREE STAND.

**Not Conforming To Express Warranty**

26.

Petitioners incorporate by reference of the allegations contained in 5-25, above as if copied in extenso.

27.

The TREE STAND was unreasonably dangerous because it violated its express warranty.

28.

The TREE STAND is guaranteed against faulty materials and workmanship, including engineering, composition, construction and design. As set forth herein, the TREE STAND was faulty in workmanship, composition, design and/or construction. In fact, ALLIANCE advertises and markets that their products, including the TREESTAND, uses Hunt Safe Technology and prides itself on going above and beyond the safety standards to give consumers the safest hunting aids. This technology includes "Pro-Lite" which ALLIANCE represents that their aluminum series is the lightest and strongest aluminum in the industry.

29.

ALLIANCE breached these warranties for the reasons set forth 8-28, above, which are incorporated by reference as if copied in extenso, which were a cause of the accident, injury, and damage to JOSEPH HEBERT, JR.

**Negligence**
**La. C.C. Arts. 2315, 2316, 2317, 2317.1, 2320, 2322, and 2324**

30.

In the alternative, Petitioners incorporate by reference all of the allegations contained in 5-29, above as if copied in extenso.

31.

Alternatively, ALLIANCE, individually and through its agents, servants, and employees, provided professional services that resulted in the design, construction, composition, marketing, and selling of the TREESTAND.

32.

Alternatively, within the meaning and scope of La. C.C. Arts. 2315, 2316, 2317, 2317.1, 2320, 2322, and 2324, the accident, injury, and damage to JOSEPH HEBERT, JR. was caused by the fault of the Defendants individually and collectively and/or their agents, servants or employees which consisted of, but is not limited to, the following:

1. Failure to educate and/or inform and/or warn their sales representatives as to the TREESTAND's qualities, propensity, limitations and risks;

2. Failing to inspect, test and examine the TREESTAND prior to sale and/or distribution;

3. Distributing a device that was unreasonably dangerous in construction and composition.

**Damages**

33.

Petitioners incorporate by reference all of the allegations contained in 5-32, above as if copied in extenso.

34.

As a result of the defective TREESTAND, JOSEPH HEBERT, JR. suffered serious injuries to his body, including his lumbar spine.

35.

The Defendants are indebted to JOSEPH HEBERT, JR. for the following damages pursuant to the Louisiana Products Liability Act and/or Negligence:

a) Past, present and future mental and physical pain and suffering;

b) Loss of enjoyment of life;

c) Past, present and future medical expenses;

d)     Loss of earnings and earning capacity; and

e)     Disability

36.

Solely by reason of the fault, negligence, carelessness and omission of duty on behalf of defendants, plaintiff, TRACY HEBERT, has been deprived of consortium with her husband, including conjugal fellowship, society, companionship, assistance and aid. Consequently, petitioners are entitled to recover an amount therefore reasonable in the premises

**Redhibition**

(La.C.C. Art. 2520, et seq.)

37.

Petitioners incorporate by reference of the allegations contained in 5-32, above as if copied in extenso.

38.

At all times pertinent herein, ALLIANCE was the manufacturer of the TREESTAND.

39.

At all times pertinent herein, SPORTSMAN'S GUIDE and/or NORTHERN TOOL are the sellers of the TREESTAND.

40.

The TREESTAND that was sold to JOSEPH HEBERT, JR. possessed redhibitory defects as defined by La.C.C.Art. 2520. Namely, the TREESTAND'S components were either non-existent, susceptible to corrosion and/or weld failure that poses a fall hazard to the user, including

HEBERT. In fact, a recall was issued by ALLIANCE under the U.S. Consumer Product Safety Commission (CPSC) under CPSC's Fast Track Recall Process on November 4, 2020. [Attached as Exhibit 1].

41.

The defects in the TREESTAND were not known to JOSEPH HEBERT, JR. at the time of sale and could not have been discovered by a reasonable prudent buyer of such things.

42.

ALLIANCE is the manufacturer of the TREESTAND and thus JOSEPH HEBERT, JR. is not required to give ALLIANCE notice of the existence of a redhibitory defect.

43.

SPORTSMAN'S GUIDE and/or NORTHERN TOOLS is solidarily liable with ALLIANCE for those damages suffered by petitioners.

44.

For those reasons stated herein, the TREESTAND was useless or so inconvenient that JOSEPH HEBERT, JR. would not have bought the TREESTAND had he known of the defects. The existence of the defect described herein gives JOSEPH HEBERT, JR. the right to obtain recission of the sale and all damages that flow therefrom, including but not limited to return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and any and all damage caused therefrom, along with reasonable attorney fees from the Defendants.

45.

Plaintiffs request a trial by jury.

**Prayer**

WHEREFORE, the plaintiffs, JOSEPH HEBERT, JR. and TRACY HEBERT, pray that the defendants, ALLIANCE OUTDOOR PRODUCTS, INC., NORTHERN TOOL & EQUIPMENT COMPANY, INC. and SPORTSMAN'S GUIDE be duly cited and served and that after a lapse of all legal delays and proceedings that there be a judgment in favor of JOSEPH HEBERT, JR. and TRACY HEBERT and against the defendants, severally, jointly and in solido, for all damages, general and reasonable attorney fees for which this Honorable Court finds reasonable, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for other general, equitable and specific relief, to which plaintiffs are entitled.

Respectfully submitted by:

DUCK LAW FIRM, LLC

/s/ Kevin R. Duck
KEVIN R. DUCK (#23043)
5040 AMBASSADOR CAFFERY PKWY
SUITE 200
LAFAYETTE, LA 70508
Tele: (337) 406-1144
Facsimile: (337) 406-1050
Email: krd@ducklawfirm.com

Trial Attorney

SIMON LAW OFFICES

/s/ Clé Simon
122 Representative Row
P.O. Box 52242
Lafayette, La 70505
Tele: 337-232-2000
Facsimile: 337-234-9274
Email: cle@simonlawoffices.com

**Counsel for Plaintiffs**